# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LONGFELLOW, | § | |
| | § | No. 226, 2014 |
| Defendant Below-<br>Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | No. 1307014264 |
| | § | |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: February 18, 2015
Decided: March 23, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 23rd day of March 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Joseph Longfellow appeals from a Superior Court jury verdict finding him guilty of Driving a Vehicle While Under the Influence.[1] Longfellow raises one claim on appeal. He contends that the trial court erred by denying his motion for a mistrial. Specifically, he argues that he was prejudiced by a handwritten notation on a copy of the Information which was provided to the jury during its deliberations. Someone had written in hand "3rd" to the right of "Count 1 – Driving Under the Influence."[2] Longfellow contends that this

---

[1] 21 *Del. C.* § 4177.

[2] The parties proceeded by Information rather than Indictment.

notation made the jury aware that he had two prior DUI convictions. We find no merit to Longfellow's appeal. Accordingly, we affirm.

(2) In July 2013, Delaware State Trooper James Smith responded to a report that a black sport utility vehicle had crashed into a tree. Upon arrival, Trooper Smith initiated contact with Longfellow who was located on the ground near the front, left side of the SUV. Longfellow told Trooper Smith that he was the SUV's driver but did not remember what caused the accident. Trooper Smith observed that Longfellow had bloodshot, watery eyes, was slurring his speech, was omitting a strong odor of alcohol, and was unable to stand on his own. Based on these observations, Trooper Smith arrested Longfellow for DUI. A blood draw later revealed that Longfellow's blood alcohol concentration ("BAC") was .14, well above the legal limit.

(3) During jury deliberations, the trial court received a note from the jury which asked what the handwritten "3rd" meant on the Information. Longfellow moved for a mistrial on the ground that the jury was now aware that this was his third DUI. He argued that a new trial was the only way to cure this prejudice. The trial court disagreed, and denied Longfellow's motion. In so doing, the trial court stated: "I am going to give [the jury] the instruction that the handwritten 'third' means nothing . . . . Jurors are presumed to follow instructions from the [c]ourt . . . ."[3] The

_____

[3] Appellant's Op. Br. App. at A238.

2

trial court thereafter provided the following instruction to the jury: "The handwritten 'third' means nothing. It is a clerical error, and you are to disregard it and give it no consideration whatsoever."[4] The jury subsequently found Longfellow guilty of DUI. This appeal followed.[5]

(4) "We review a trial judge's denial of a motion for a mistrial for abuse of discretion."[6] "When a trial judge denies a mistrial application, that decision will be reversed on appeal only if it is based upon unreasonable or capricious grounds."[7] "A trial judge should grant a mistrial only where there is 'manifest necessity' or the 'ends of public justice would be otherwise defeated.'"[8] "It is well established in Delaware that a trial judge's prompt curative instruction is presumed adequate to direct the jury to disregard improper statements and cure any error."[9]

(5) Longfellow contends that the trial court erred when it denied his motion for a mistrial after the jury asked for the meaning of the notation "3rd" on the Information. His claim lacks merit. Longfellow's contention that the notation "3rd"

---

[4] Appellant's Op. Br. App. at A239.
[5] Longfellow failed to file a Reply Brief.
[6] *Gomez v. State*, 25 A.3d 786, 793 (Del. 2011) (citing *McNair v. State*, 990 A.2d 398, 403 (Del. 2010)).
[7] *Banther v. State*, 977 A.2d 870, 890 (Del. 2009) (citing *Zimmerman v. State*, 628 A.2d 62, 65 (Del. 1993)).
[8] *Steckel v. State*, 711 A.2d 5, 11 (Del. 1998) (quoting *Fanning v. Superior Court*, 302 A.2d 343, 345 (Del. 1974)).
[9] *Gomez*, 25 A.3d at 793.

could only mean that it was his third DUI offense and be understood as such by the jury is unpersuasive. The only inference that can be drawn from the record is that the jury did not know what the notation "3rd" meant. This uncertainty was promptly and carefully cured by the trial court when it instructed the jury that the term was a "clerical error" and should be given "no consideration whatsoever." Thus, it cannot be said that the term "third" on the Information warranted a mistrial. The trial court did not abuse its discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

_____
Justice